**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dialog4 System Engineering GmbH, | No. CV 07-2534-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Circuit Research Labs, Inc.; Charles Jayson Brentlinger and Tammy Brentlinger, | |
| Defendants. | |

The Court is in receipt of Plaintiff Dialog4 System Engineering GmbH's Motion to Compel Brentlinger's Compliance with this Court's Order of Specific Performance, (Dkt. # 66). The Court is also in receipt of Defendants' counsel's Ex Parte Application for Withdrawal as Counsel of Record With Consent, (Dkt. #71), and Defendant Circuit Research Labs, Inc.'s Notice of Substitution of Counsel. (Dkt. #76). Having considered the Parties' briefs and determined that oral argument is unnecessary, the Court issues the following Order:

I. PLAINTIFF'S MOTION TO COMPEL COMPLIANCE

A. Background

The Parties are intimately familiar with the history of this case. As such, it suffices to say that following a one day bench trial, on November 30, 2009, this Court issued its Findings of Facts and Conclusions of Law, finding that Defendants had breached their

obligations under the Parties' Settlement Agreement and that Charles Jayson Brentlinger ("Defendant Brentlinger") had breached his obligations under the Stock Purchase Agreement ("SPA") to purchase Dialog4's CRL Stock. (Dkt. #57). As a result, this Court concluded that Dialog4 was entitled to enforce the SPA and ordered Defendant Brentlinger to specifically perform his obligation to purchase the CRL Stock for the sum of $1,246,340.70, plus prejudgment interest at 10% per year. (Id.). A Clerks' Judgment was entered the same day. (Dkt. #58). On January 26, 2010, Plaintiff filed its Motion to Compel Brentlinger's Compliance with this Court's Order of Specific Performance. (Dkt. # 66). The motion became fully briefed on February 19, 2010.

B. Discussion

In its motion, Plaintiff requests that this court compel Defendant Brentlinger's compliance with the portion of the judgment requiring him to purchase the CRL Stock for the sum of $1,246,340.70. In his response, Defendant appears to downplay his responsibility to comply with the Judgment. The Court reminds Defendant Brentlinger that the Judgment in this case is not optional. If Defendant Brentlinger is unable to fully comply with the Judgment because he lacks the financial resources to do so—as he claims in his response—he still must make every effort to comply with the Order to the best of his ability. There is no indication, however, that Defendant Brentlinger has made any such effort; that he has purchased a single share of the CRL stock. Indeed, Defendant Brentlinger admits as much in his response to Plaintiff's motion.

The Court finds, therefore, that Plaintiff has made a *prima facie* showing of contempt. United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (noting that the burden is on the party alleging civil contempt to demonstrate the alleged contemnor violated the Court's order). And to the extent compliance with the Judgment is not possible, the burden is on Defendant Brentlinger to so demonstrate, not Plaintiff. See National Labor Relations Board v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973) ("One petitioning for an adjudication of civil contempt does not have the burden of showing that the respondent has the capacity to comply."). "An alleged contemnor may defend against a finding of

contempt by demonstrating a present inability to comply." Ayres, 166 F.3d at 994. "Ability to comply is the crucial inquiry, and a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey." Drollinger, 80 F.3d at 393 (internal quotations omitted).

In his response, Defendant Brentlinger asserts that there is no evidence that he has any assets from which he can repurchase the CRL stock as required by the Judgment. Defendant's assertion, however, is completely unsubstantiated and is not, therefore, evidence of his present inability to comply. And, there is no question that Defendant Brentlinger has at least some ability to comply with the Judgment. As Plaintiff points out, it is highly unlikely Defendant Brentlinger cannot afford to purchase at least some shares of the CRL Stock, which are individually worth $1.10 per share plus prejudgment interest. In short, Defendant Brentlinger has not come close to meeting his burden of demonstrating an inability to comply with the judgment against him. The Court, therefore, turns to appropriate remedies.

Federal Rule of Civil Procedure 70 governs enforcement of judgments requiring specific performance. "According to its plain language, this rule applies only to parties who have failed to perform specific acts pursuant to a judgment." Westlake N. Prop. Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990). Under the rule, "a district court may direct a party to complete a specific act where the district court previously directed the same party to perform the same act in its final judgment and that party has failed to comply." Analytical Eng'g, Inc. v. Baldwin Filters, Inc., 425 F.3d 443, 451 (7th Cir. 2005). Additionally, Rule 70 allows courts to appoint a third-party to complete the court-required action, issue a writ of sequestration or attachment against the disobedient party's property and assets, and hold the disobedient part in contempt. FED.R.CIV.P. 70 (a),(c),(e).

In its motion, Plaintiff requests that this Court utilize all three of the aforementioned remedies against Defendant Brentlinger: appointment of a third-party, attachment, and contempt. Although sanctions appear warranted, it will give Defendant Brentlinger one final chance to comply with the Judgment by directing him to make a good faith effort to purchase

1  the CLR stock. Should Defendant Brentlinger fail to make such an effort, this Court will not
2  hesitate to utilize Rule 70 to ensure compliance. Accordingly, if four weeks after this Order
3  has issued, Defendant Brentlinger has not substantially complied with the Judgment or, at
4  a minimum, fashioned a plan, agreed upon by Plaintiff, through which compliance will
5  occur, the Court hereby gives Plaintiff leave to file another motion to compel. If, at that time,
6  Defendant Brentlinger still contends his finances render him unable to comply with the
7  Judgment, this position must be documented with exhaustive evidence detailing his financial
8  condition.

9  III.    DEFENDANT CIRCUIT RESEARCH LABS MOTIONS RE: COUNSEL

10          On February 12, 2010 counsel for Defendant Circuit Research Labs, Inc. filed, with
11  consent of their client, a motion to withdraw as counsel. (Dkt. #71). In a hearing held on
12  March 17, 2010, the Court withheld judgment on this motion, as granting it would have left
13  a Defendant Circuit Research Labs, Inc., a corporation, unrepresented. See United States
14  v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir.1993) (stating that
15  corporations may not go unrepresented in Federal Court). On April 12, 2010, Defendant
16  Circuit Research Labs notified the Court that it had secured new representation, filing its
17  Notice of Substitution of Counsel, in which it stated its desire that Patricia Premeau, of
18  LaVoy & Chernoff, P.C., be substituted as counsel. In light of this stipulation, the Court will
19  now grant Defendant Circuit Research Labs, Inc.'s Notice of Substitution of Counsel, while,
20  at the same time, granting its Notice of Substitution of Counsel.

21          **Accordingly,**

22          **IT IS HEREBY ORDERED** granting Plaintiff Dialog4 System Engineering GmbH's
23  Motion to Compel Brentlinger's Compliance with this Court's Order of Specific
24  Performance, (Dkt. # 66). Defendant Brentlinger is directed to specifically perform in
25  accordance with the Judgment in this case. Alternatively, Defendant Brentlinger may create,
26  in cooperation with Plaintiff, a mutually agreeable plan through which compliance will
27  occur.
28  / / /

**IT IS FURTHER ORDERED** that if Defendant Brentlinger has not performed or established a plan that will result in performance within four weeks of the date of this Order, Plaintiff is hereby given leave to file another motion to compel with this Court.

**IT IS FURTHER ORDERED** granting Defendant Circuit Research Labs' Ex Parte Application for Withdrawal as Counsel of Record With Consent. (Dkt. #71).

**IT IS FURTHER ORDERED** granting Defendant Circuit Research Labs, Inc.'s Notice of Substitution of Counsel. (Dkt. #76).

DATED this 25th day of June, 2010.

_____
Mary H. Murgua
United States District Judge